9201

BRADLEY *ET AL.* v. MEIGHAN *ET AL.*

(86 S. E. 378.)

ACTIONS TO REMOVE CLOUD ON TITLE—PARTIES.—Petitioners claiming to be cotenants with defendants in an action for removal of cloud upon title may be made parties in order that a complete determination may be had of the questions affecting the title.

Before DEVORE, J., Lexington, March, 1915. Affirmed.

The facts are stated in the petition, as follows:

To the Honorable James W. DeVore, Judge of the Eleventh Judicial Circuit:

The petition of James S. Simons, Margaret Henry Simons, Caledonia Campbell Simons, Harriet Lue Simons, Maria Ramsey Simons, Dorothy Simons Bryan, James S. Simons, Campbell Bryce Simons, Wm. Heyward Simons, John Thompson Simons, Henry Ross Simons and Charles Simonton Simons, respectfully shows that:

1. That the above entitled action of *J. N. Bradley et al., plaintiffs,* v. *Mary H. Meighan et al., defendants,* was commenced by the plaintiffs against the said defendants by the service of an amended summons and complaint upon the said defendants on the 24th day of September, 1914, and is now pending in this honorable Court.

2. That the purpose of said action is to have the plaintiffs in said action declared to be the owners in fee of the lands described in the complaint herein free of any and all trusts, and to have an alleged cloud on the plaintiffs' title removed.

11—102

3. That the lands described in the complaint herein are a part of a certain piece or tract of land situate, lying and being in the county of Lexington, State of South Carolina, containing 500 acres, more or less, formerly owned by James Cayce, lying near old Granby, in said county, on the State Road and Congaree River, adjoining lands now or lately occupied by Henry Arthur, Rachel Hayne and others, and described in the deed of conveyance executed by Isaac Vansant, sheriff, on the —— day of October, 1847, to John Bryce.

4. That John Bryce died, seized and possessed in fee of said 500-acre tract of land and left in force his last will and testament and a codicil thereof which was duly admitted to probate in the office of the Judge of probate for Richland county on the 11th day of December, 1855.

5. By the said codicil to his will, dated July 28, 1853, the said John Bryce devised the said tract of land as follows: "The plantation and mill in Lexington district, near what was formerly west Granby, formerly the property of James Cayce, but sold by Isaac Vansant, sheriff of Lexington district, at the suit of A. G. Summer and B. R. Carroll, on the first Monday, 4th of October, 1847, and bought in by me, having also an execution against Cayce for a debt of $1,900, which I had to pay as his endorser to two banks in Columbia, and for which I have paid first and last its full value, for I had to take up a note of $770 to P. and R. Bryce besides—this plantation I give, devise and bequeath to my grandson, John Campbell Bryce, and to his heirs, etc.; should he die without issue, then to go to his father and to his children precisely as the rest of my estate. Nevertheless it is my wish and desire that Mrs. Cayce be permitted to occupy the house and premises as she has hitherto done since the death of Mr. Cayce, and to plant, if she desires to do so, one-third of the cleared land; and to receive one-fourth of the toll of all the corn ground at the mill as long as she deter-

mines to prefer this to a fair equivalent in money for her dower.

"I know my son will at all times be willing to make a fair and liberal arrangement with her, and this is my desire and wish."

6. That in his will the said John Bryce devised that upon the death of John Campbell Bryce the said plantation was to go as follows: "To my son, Campbell R. Bryce (with the above requisitions and reservations), and to his children, the lawful heirs of his body, I give and bequeath all the rest and residue of my estate, real and personalty, of whatever kind I may die seized and possessed of, or that may at any time hereafter, either before or after my death, become mine, to him and to his children forever. And I wish it fully understood and declared, that, having already given him about sixty thousand dollars at various times, and he being worth a property of his own at this present time of fully that amount clear of debt, that, in the event of his dying leaving a wife, his widow shall not be entitled to any part or portion of my estate which I am now disposing of, but that it shall be the property of all his children, share and share alike, to be enjoyed and managed and controlled by him during his lifetime for his and their use and benefit. And this is not intended to apply to the present wife only, who is a most excellent lady, and faithful and loving wife and mother, but also to any future wife. And I furthermore intend and desire that, in the event of his outliving his children and dying childless, without grandchildren, the lawful issue of his loins, then the estate which I now have shall go to the children of my brothers, Peter and Robert Bryce."

7. That the said Campbell R. Bryce died many years ago, leaving surviving him, among other children, Margaret C. Simons, who was the mother of all of your petitioners, except James S. Simons, her husband.

8. That the said Margaret C. Simons died about the 12th day of July, 1901, seized in fee of a one-seventh interest in

the lands described in the complaint in remainder, after the death of John Campbell Bryce referred to in said will; and left surviving her as her next of kin your petitioners.

9. That John Campbell Bryce, mentioned in the will of John Bryce, died on the 3d day of February, 1915, having never married.

10. That the defendants, W. H. Lyles and W. A. Clark, in the above entitled action, allege that they, with T. Hugh Meighan, deceased, purchased the interest of all the children of John Bryce in and to the lands mentioned and described in the codicil to this said will, except the interest of Margaret C. Simons, under whom your petitioners claim, and the said Clark, Lyles and personal representative of the said T. Hugh Meighan are now seeking in this action to have their interests in said lands adjudicated and their interest as purchasers of said remainder estate established and declared.

11. That the interest of your petitioners is derived from the same source of title as that of the said Clark, Lyles and Meighan, and your petitioners allege that they are necessary and proper parties to the complete determination of the said action.

Wherefore your petitioners pray that they be made parties to said action and be allowed to file an answer to the complaint therein, setting up their rights in the premises.

From an order making the petitioners parties to the action, the original defendants appeal on the following grounds:

Because his Honor, upon the motion of the petitioners, James S. Simons, Margaret Henry Simons *et al.*, to be made parties defendants to said cause, should have held that the said action involved only the rights of the plaintiffs against the estate of T. Hugh Meighan, upon the allegation that he had derived title to the land involved in the suit as trustee for their ancestor, John M. Long, and the rights of the defendants, Mary Hugh Meighan and Grace K. Meighan, and William H. Lyles and W. A. Clark, upon the allegations

set up in their answer that the said T. Hugh Meighan had held the said tract of land after the expiration of the life estate of John Campbell Bryce, deceased, for their benefit under a resulting trust arising from the facts alleged in their answers, and should have held that the said petitioners, James S. Simons *et al.,* who set up a claim not under the said T. Hugh Meighan in anywise, but adverse to all title which he had held, were not proper parties to said cause, and should have refused their petition to be made such parties.

*Messrs. Lyles & Lyles* and *Shand, Benet, Shand & McGowan,* for appellants.

*Mr. Geo. Coffin Taylor,* for petitioners-respondents, cites: Code Civil Proc., secs. 167 and 168; 77 S. C. 412; 71 S. C. 425.

September 28, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal involves only one issue of law, and that is, whether it was right for the Circuit Judge to let in new parties.

We think the appellants' contention is wholly unsound, and that the Circuit Judge was right to let the parties in.

1. The appellants' right rests, by their own pleading, in the fact that the title to the ten acres of land in issue vested by way of remainder in the children of Campbell R. Bryce, and appellants allege they have bought the shares of the six children.

The respondents allege that there were seven children, and the seventh was Margaret, their mother, which share they are entitled to have.

If the appellants' plea is correct, that the remainder went to the children of Campbell R. Bryce, then the motion of the respondents to come in was proper if they are the children

of Margaret, and Margaret was a child of Campbell R. Bryce.

The respondents do not claim the whole title, but only one-seventh of it.

It is· not plain from the "case" who is in *pedis possessio* of the land; if the appellants are, and if they claim the whole title, they may go to a jury on that issue; but that is not a question here, and it is not, therefore, decided.

The issue made by the plaintiffs has no part in the appeal, and we make no reference to it.

We only conclude, that if the allegations be true that the respondents are the children of Margaret, and if Margaret was a child of Campbell R., and if Campbell R.'s children were the right remaindermen, then, if part of the remaindermen are parties, then all may be.

2. We have not considered the issue made by the respondents, that the order of the Circuit Judge is not subject to appeal, for we sustain the order; it is affirmed.